**EXHIBIT A**

1  SHARTSIS FRIESE LLP
   ROBERT CHARLES WARD (Bar #160824)
2  ROEY Z. RAHMIL (Bar #273803)
   One Maritime Plaza, Eighteenth Floor
3  San Francisco, CA  94111-3598
   Telephone:   (415) 421-6500
4  Facsimile:   (415) 421-2922
   Email: rward@sflaw.com
5  Email: rrahmil@sflaw.com

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 0 9 2018

CLERK OF THE COURT
NEYL WEBB
BY:_____
              Deputy Clerk

6  Attorneys for Plaintiffs STEPHEN CHESS, LOIS CHESS, BRUCE
   CALLANDER, JEFF DRAWDY and SUSAN DRAWDY
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10                                          CGC-18-567921

STEPHEN CHESS, LOIS CHESS, BRUCE          Case No.
11 CALLANDER, JEFF DRAWDY and SUSAN
   DRAWDY,                                 COMPLAINT
12
                    Plaintiffs,
13
        v.
14
   RICHARD E. ROMINE, an individual;
15 STRIKER ENTITIES, LLC, a Wyoming
   limited liability company; and DOES 1-10,
16 inclusive,
17                  Defendants.

18     Plaintiffs STEPHEN CHESS, LOIS CHESS, BRUCE CALLANDER, JEFF DRAWDY

19 and SUSAN DRAWDY (collectively "Plaintiffs") allege:

20     1.     Plaintiff STEPHEN CHESS is a resident of the County of San Francisco,

21 California.

22     2.     Plaintiff LOIS CHESS is a resident of the County of San Francisco, California.

23     3.     Plaintiff BRUCE CALLANDER is a resident of the County of San Francisco,

24 California.

25     4.     Plaintiff JEFF DRAWDY is a resident of the County of San Diego, California.

26     5.     Plaintiff SUSAN DRAWDY is a resident of the County of San Diego, California.

27     6.     On information and belief, defendant RICHARD E. ROMINE ("Romine"), is a

28 resident of Pottawatomie County, Oklahoma.  On information and belief, Romine was the owner

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 1 -
Case No.                    COMPLAINT

1  and successor-in-interest of a number of now defunct entities organized in a number of

2  jurisdictions with the name "RoMac Development" or similar thereto.

3      7.    On information and belief, defendant STRIKER ENTITIES, LLC ("Striker"), is a

4  Wyoming limited liability company with its principal place of business in the State of Oklahoma.

5      8.    The true names and capacities of Defendants Does 1-10, inclusive, are unknown to

6  the Plaintiffs.   Plaintiffs therefore sue Defendants by such fictitious names.   Plaintiffs are

7  informed and believes and based thereon alleges that each of the Defendants designated herein as

8  Does are legally responsible in some manner for the events and happenings herein referred to and

9  caused injuries and damages as alleged by Plaintiffs hereto.

10     9.    Plaintiffs are informed and believe, and on that basis allege, that at all relevant

11 times each of the defendants (including the fictitiously named DOE defendants), was the alter

12 ego, agent, servant, employee, principal, co-conspirator, joint venture or partner of each of the

13 other defendants, and in doing the acts alleged herein were acting within the course and scope of

14 his or their agency or employment and acting with the knowledge, permission and consent of

15 each other defendant, and with actual and apparent authority to do so.

16     10.   This court has jurisdiction over all Defendants because Defendants did business in

17 California.   Specifically, Defendants solicited Plaintiffs, who are all residents of the State of

18 California, to invest in tax shelter vehicles managed and controlled by Romine and Striker.  The

19 solicitation by Romine, on behalf of himself and other Defendants, of Plaintiffs occurred while

20 Plaintiffs were in the State of California.  As to some Plaintiffs, Romine was physically present in

21 California at the time that he induced signatures on documents in connection with the investments

22 at issue in this case.  Furthermore, because Defendants were and are engaged in fraudulent, illegal

23 and unfair business practices in the State of California or that affect residents of the State of

24 California, California courts have a strong public policy interest in protecting California residents

25 from Defendants.

26     11.   Venue is proper in this court because several of the acts that constitute the

27 fraudulent, illegal and unfair business practices of Defendants occurred in the County of San

28 Francisco.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 2 -

Case No. _____                    COMPLAINT

12. Defendants are in the business of promoting, soliciting investment into and operating partnerships that purportedly would acquire oil and gas drilling rights and engage in drilling. Defendants, specifically Romine, promoted the partnerships (usually referred to as "programs") as tax shelters. Defendants solicited investments from Plaintiffs and, on information and belief, from others in California, through written offering memoranda and subscription agreements.. The investments by Plaintiffs and, on information and belief, others in California, took the form of a cash investment plus a promissory note. Defendants offered new "programs" usually on an annual basis. Plaintiffs invested in several such programs over the course of a number of years. Defendants solicited the investments into various entities over the years, entities that usually had "RoMac" or "Striker" in their names. On information and belief, Romine or Striker are the successors in interest to all entities into which Plaintiffs invested.

13. Romine, on behalf of himself and all Defendants, made the following oral representations to each of Plaintiffs, either in person while meeting with Plaintiffs in California or by telephone to Plaintiffs, prior to the first investment by each Plaintiff and for the purpose of inducing each Plaintiff to invest in Defendants' programs:

a. The subscription agreements, promissory notes and other documents that Plaintiffs were asked to sign in connection with the investments were necessary for the programs to qualify for the tax benefits, but did not reflect the actual obligations of Plaintiffs to Defendants.

b. For tax purposes, Plaintiffs would be entitled to deduct both the cash invested in each program as well as the amount on the face of each promissory note, despite Plaintiffs not actually contributing any additional cash per the promissory notes.

c. Despite the form of the promissory notes, Plaintiffs would never be obligated to make any additional payments to Defendants or the program entities, other than the initial cash invested in each program. Rather, the notes would not be recourse and any obligations under those notes would be funded from operating income earned by wells drilled using the cash investments.

d. Defendants, and entities controlled by Romine, would use the cash investments in each program to acquire drilling rights and to drill producing wells that would generate income.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

e.     The structure of these investments had been vetted and would withstand IRS scrutiny, despite Plaintiffs never contributing any additional cash pursuant to the promissory notes.

14.     Romine, on his own behalf and on behalf of all Defendants, while soliciting Plaintiffs to invest in the programs that he controlled, omitted to inform Plaintiffs as to the following material facts:

a.     The programs had not been properly vetted as tax shelters and would put Plaintiffs at risk for IRS audits and resulting penalties and interest.

b.     On information and belief, much of the cash invested in the programs by Plaintiffs would be diverted away from drilling activities and instead be pocketed by Romine, or entities that Romine controlled, in the form of undisclosed fees and sham expenses, and that Romine had no good faith intent to use the invested cash to drill producing wells that generated income.

c.     On information and belief, Defendants would destroy records in order to make it more difficult for investors or the IRS to track how the cash invested in the programs was used.

15.     Plaintiffs and each of them invested in reliance on Romine's representations and would not have invested but for Romine's assurance that the promissory notes were non-recourse, that the structure of the programs would withstand IRS scrutiny, and that Plaintiffs would never be required to contribute additional cash pursuant to the promissory notes. Plaintiffs would never have invested in any of the programs had Defendants disclosed the material facts that Romine failed to disclose.

16.     Romine's oral representations described above, made on behalf of himself and all Defendants, were either knowingly or recklessly false at the time he made them. Romine made the representations with the intent that Plaintiffs would rely on those representations and induce Plaintiffs to invest in the tax shelter programs. Romine's failure to disclose material facts as described above was intentional and willful, and Romine withheld that information as part of inducing Plaintiffs to invest in the programs.

17.     Defendants' solicitation and acceptance of investments from Plaintiffs into the tax shelter programs was unfair, unlawful and fraudulent. Some of Plaintiffs have been subjected to

- 4 -

1   IRS audits of the investments in Defendants' programs, resulting in lost tax deductions, penalties,

2   and interest, as well as the costs of paying professionals in response to IRS audit.  The IRS has

3   determined that Defendants' programs are not lawfully structured to achieve the tax benefits that

4   Defendants represented would be the case.

5         18.    Romine personally benefitted from the fraudulent, unfair and unlawful tax shelter

6   programs in that he collected fees for his purported management of the program entities and, on

7   information and belief, diverted money to himself through undisclosed payments or sham

8   expenses.

9         19.    Romine and Striker have compounded their wrongdoing by attempting to collect

10  settlements from Plaintiffs, based on the purported obligations under the promissory notes, the

11  notes that Romine explicitly represented to Plaintiffs were non-recourse and would never result in

12  additional cash being required from Plaintiffs.  On their face, the promissory notes were made to

13  secure the costs of drilling operations paid for and conducted by Defendants.  Defendants did not

14  in fact incur expenses and conduct drilling activities that were purportedly secured by the

15  promissory notes.  Thus, to the extent to which the promissory notes are legitimate, Defendants

16  have not paid for or conducted drilling operations that would entitle Defendants to call for

17  payments under the notes.  Nor do Romine or Striker have any intention of using funds collected

18  pursuant to the promissory notes for the purpose of conducting future drilling operations.  Rather,

19  Romine and Striker seek to extract discounted settlements on the promissory notes for Romine to

20  pocket and use to support himself personally.  On information and belief, Romine has extracted

21  settlements from investors other than Plaintiffs and has pocketed those settlement payments,

22  rather than use those funds to pay for costs of past drilling activities.  Defendants' attempts to

23  extract settlements pursuant to the promissory notes constitutes an additional unfair, unlawful and

24  fraudulent practice within the State of California.

25                        **FIRST CAUSE OF ACTION**

26                             **(Fraud)**

27        20.    Plaintiffs realleges and incorporate by this reference the allegations of paragraph 1

28  through 19, inclusive, as if set forth in full herein.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Case No.                              COMPLAINT

21. Over the course of several years, from approximately 1998 to 2008, Romine, on behalf of himself and all Defendants, made the representations described in Paragraph 13 above, and failed to disclose the material facts described in Paragraph 14 above. Romine made the representations either in person, in California, or by telephone to Plaintiffs while Plaintiffs were in California.

22. The representations made by Romine were either knowingly or recklessly false.

23. Romine made the representations with the intention to induce Plaintiffs to act in reliance on the representations and to invest in the tax shelter programs that he controlled.

24. Plaintiffs reasonably believed Romine's representations to be true at the time that Romine made them. Plaintiffs also had no reason to know and could not have discovered through reasonable effort the material facts that Romine concealed. Had Plaintiffs known the true facts, Plaintiffs would not have invested in any of the programs controlled by Romine.

25. Defendants' conduct also constitutes fraudulent inducement, in that Plaintiffs would never have invested in any of the programs but for Defendants' fraud.

26. In acting as an investment manager for Plaintiffs, Romine held a position of trust and confidence and thereby owed a fiduciary duty to Plaintiffs. The applicable statute of limitations is thereby tolled until Plaintiffs obtained actual knowledge of Defendants' fraud. Furthermore, Defendants' fraud could not have been reasonably discovered until Romine demanded a settlement on the promissory notes from each of Plaintiffs. Until such time, Plaintiffs reasonably believed Romine's representations regarding the programs.

27. As a proximate result of the fraudulent conduct of Defendants, Plaintiffs were damaged in a number of ways. Some of Plaintiffs lost tax deductions and paid interest, penalties, and professional fees as a proximate result of Defendants' fraud. Each Plaintiff lost the opportunity to invest cash in legitimate tax shelters.

28. The fraudulent conduct of Defendants was despicable and subjected Plaintiffs to unjust hardship in conscious disregard of the legality of Defendants' actions, so as to justify an award of exemplary and punitive damages.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 6 -
Case No.                    COMPLAINT

**SECOND CAUSE OF ACTION**

**(Violation of Business & Professions Code Section 17200)**

29.     Plaintiffs realleges and incorporate by this reference the allegations of paragraph 1 through 28, inclusive, as if set forth in full herein.

30.     Defendants engage in unfair and/or unlawful business practices which include those practices described in paragraphs 12 through 19 above.

31.     As a direct, proximate, and foreseeable result of defendants' wrongful conduct, as alleged above in Paragraphs 12 through 19 above, Plaintiffs have suffered injury in that they have invested in purported tax shelters which exposed Plaintiffs to the risk of tax audits and penalties. Plaintiffs were further injured in having lost the opportunity to invest those funds in legitimate tax shelters or other investments.   Plaintiff is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by the defendant as a result of such unfair business acts or practices.

32.     Defendants have refused to accede to Plaintiffs' requests to refrain from their fraudulent, unfair and unlawful conduct.  On information and belief, Defendants have refused to accede to such requests from others similarly situated and Defendants continue to attempt to extract settlements from others based on the fraudulent promissory notes.

33.     Defendants' acts hereinabove alleged are acts of unfair competition within the meaning of Business and Professions Code section 17203.  Plaintiff is informed and believes that Defendants will continue to do those acts unless the Court orders defendants to cease and desist.

34.     Plaintiffs have incurred and will incur attorneys' fees and costs necessary to the prosecution of this action and such fees will result in public benefit pursuant to Code of Civil Procedure section 1021.5.

**PRAYER**

**WHEREFORE,** Plaintiffs pray for judgment as follows:

1.     For rescission of Plaintiffs' fraudulently induced investments in Defendants' tax shelter programs.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 7 -

| Case No. | COMPLAINT |

1    2.    For compensatory damages according to proof and in excess of the jurisdictional

2    minimum of this Court.

3    3.    For prejudgment interest at the legal rate on the amounts that Plaintiffs were

4    fraudulently induced to invest in Defendants' tax shelter programs, from the date of each

5    investment.

6    4.    For exemplary and punitive damages.

7    5.    For restitution of all amounts invested in Defendants' tax shelter programs.

8    6.    For prejudgment interest on all amounts that Defendants' fraudulently, unfairly or

9    unlawfully solicited and accepted from Plaintiffs, from the date of each investment.

10   7.    For disgorgement by Defendants of all fees, profits, settlement payments or other

11   sums that Defendants received from the tax shelter programs in which Plaintiffs invested.

12   8.    For a permanent injunction to prevent Defendants' from engaging in their

13   fraudulent, unfair and unlawful business practices in the State of California.

14   9.    For an award of attorneys' fees pursuant to Code of Civil Procedure section

15   1021.5.

16   10.   For such other and further relief as the Court may deem just and proper.

17

18   Dated: July 9, 2018                    SHARTSIS FRIESE LLP

19

20                                          By:    ROBERT CHARLES WARD

21                                          Attorneys for Plaintiffs STEPHEN CHESS, LOIS
                                            CHESS, BRUCE CALLANDER, JEFF
22                                          DRAWDY and SUSAN DRAWDY

23   8211588

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 8 -

Case No.                              COMPLAINT

**EXHIBIT B**

JAK

**SUM-100**

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RICHARD E. ROMINE, an individual; STRIKER ENTITIES, LLC, a Wyoming
limited liability company; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STEPHEN CHESS, LOIS CHESS, BRUCE CALLANDER, JEFF DRAWDY and
SUSAN DRAWDY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>CGC - 18 - 5 6 7 9 2 1 |
|---|---|

SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Chares Ward          (415) 421-6500
Shartsis Friese LLP
One Maritime Plaza, 18th Floor, San Francisco, CA 94111

| DATE:<br>*(Fecha)* | JUL 0 9 2018 | Clerk of the Court | Clerk, by<br>*(Secretario)* | NEYL WEBB | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

**EXHIBIT C**

CASE NUMBER: CGC-18-567921  STEPHEN CHESS ET AL VS. RICHARD E. ROMINE ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|       |                                                                          |
|-------|--------------------------------------------------------------------------|
| **DATE:**  | **DEC-12-2018**                                                     |
| **TIME:**  | **10:30AM**                                                         |
| **PLACE:** | **Department 610**<br>**400 McAllister Street**<br>**San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

**EXHIBIT D**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:
DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| (Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                    Time:                    Dept.:                    Div.:                    Room:
Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint    ☐ cross-complaint    (Describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. (If more than one party, provide the name of each party requesting a jury trial):

6. **Trial date**
   a. ☐ The trial has been set for (date):
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

   c. Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7. **Estimated length of trial**
   The party or parties estimate that the trial will take (check one):
   a. ☐ days (specify number):
   b. ☐ hours (short causes) (specify):

8. **Trial representation** (to be answered for each party)
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:     f. Fax number:
   e. E-mail address:     g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference (specify code section):

10. **Alternative dispute resolution (ADR)**
    a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. Referral to judicial arbitration or civil action mediation (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. (specify exemption):

CM-110 [Rev. July 1, 2011]     **CASE MANAGEMENT STATEMENT**     Page 2 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]                    CASE MANAGEMENT STATEMENT                    Page 5 of 5

|  | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issue)*:

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CASE MANAGEMENT STATEMENT

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

**20. Total number of pages attached (*if any*):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**EXHIBIT E**

## Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
And more...

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

> *George Yuhas, Esq.*
> *Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

> *Robert Charles Friese, Esq.*
> *Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

> *Leslie Caplan*
> *Global Warming Campaign Manager*
> *Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

> *Mark Abelson, Esq.*
> *Campagnoli, Abelson & Compagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

> *Denise A. Leadbetter, Esq.*
> *Zacks, Utrecht & Leadbetter*



FOR OUTSTANDING ADR SERVICES
Voted into the Hall of Fame in The Recorder's "Best of" Poll
5 YEARS IN A ROW
2010 – 2014

# MEDIATION SERVICES



PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
**www.sfbar.org/mediation**

**adr@sfbar.org or 415-982-1600**



THE BAR ASSOCIATION OF
SAN FRANCISCO

| QUALITY | EXPERIENCE | TRUST |
|---|---|---|

### WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

### WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

### HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

### HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

### HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

### WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

### HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

### WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

### OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

### WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

### WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

### MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available
for settling a dispute without a trial.  There are many different ADR processes, the most common
forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial
people decide disputes or help parties decide disputes themselves.  They can help parties
resolve disputes without having to go to court.

**WHY CHOOSE ADR?**
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either
in an early settlement conference, mediation, arbitration, early neutral evaluation or some other
alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:
- ADR can save time.  A dispute often can be resolved in a matter of months, even
  weeks, through ADR, while a lawsuit can take years.
- ADR can save money, including court costs, attorney fees, and expert fees.
- ADR encourages participation.  The parties may have more opportunities to tell their
  story than in court and may have more control over the outcome of the case.
- ADR is more satisfying.  For all the above reasons, many people participating in
  ADR have reported a high degree of satisfaction.

**HOW DO I PARTICIPATE IN ADR?**
Litigants may elect to participate in ADR at any point in a case.  General civil cases may
voluntarily enter into the court's ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this
  packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to
  this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San
  Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

ADR-1 03/15                                    (ja)                              Page 1

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $265 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 6.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

ADR-1  03/15                                Page 2

Cost:  BASF charges an administrative fee of $295 per party.  The hourly mediator fee beyond the first three hours will vary depending on the mediator selected.  Waivers of the administrative fee are available to those who qualify.  For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

(B) JUDICIAL MEDIATION provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

Operation: Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court will coordinate assignment of cases for the program.  There is no charge for the Judicial Mediation program.

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties.  Parties may find mediators and organizations on the Internet.  The cost of private mediation will vary depending on the mediator selected.

3)  ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony.  The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

(A) JUDICIAL ARBITRATION: When the court orders a case to arbitration it is called "judicial arbitration".  The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

Operation: Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.)  An arbitrator is chosen from the court's arbitration panel.  Arbitrations are generally held between 7 and 9 months after a complaint has been filed.  Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision.  Any party may request a trial within 60 days after the arbitrator's award has been filed.  Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

(B) PRIVATE ARBITRATION:  Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration.  Here, the parties voluntarily consent to arbitration.  If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision.  In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT.  YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.

ADR-1  05/13                              (a)                              Page 3



**Superior Court of California**
County of San Francisco



HON. TERI L. JACKSON
PRESIDING JUDGE

**Judicial Mediation Program**

JENIFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach

The Honorable Stephen M. Murphy
The Honorable Joseph M. Quinn
The Honorable James Robertson, II
The Honorable John K. Stewart
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed due to the judge's availability, every effort will be made to fulfill the parties' choice for a particular judge. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

07/2017 (ja)

**EJT-001-INFO**   **Expedited Jury Trial Information Sheet**

This information sheet is for anyone involved in a civil lawsuit who will be taking part in an expedited jury trial—a trial that is shorter and has a smaller jury than a traditional jury trial.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.29 and in rules 3.1545–3.1553 of the California Rules of Court. You can find these at your county law library or online at *http://leginfo.legislature.ca.gov/faces/codes.xhtml*. The rules are at *www.courts.ca.gov/rules*.

**(1)   What is an expedited jury trial?**

An expedited jury trial is a short trial, generally lasting only one or two days. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- The trial will be shorter. Each side has 5 hours to pick a jury, put on all its witnesses, show the jury its evidence, and argue its case.
- The jury will be smaller. There will be 8 jurors instead of 12.
- Choosing the jury will be faster. The parties will exercise fewer challenges.

**(2)   What cases have expedited jury trials?**

- Mandatory expedited jury trials. All limited civil cases—cases where the demand for damages or the value of property at issue is $25,000 or less—come within the *mandatory expedited jury trial* procedures. These can be found in the Code of Civil Procedure, starting at section 630.20. Unless your case is an unlawful detainer (eviction) action, or meets one of the exceptions set out in the statute, it will be within the expedited jury trial procedures. These exceptions are explained more in **(7)** below.
- Voluntary expedited jury trials. If your civil case is not a limited civil case, or even if it is, you can choose to take part in a *voluntary expedited jury trial*, if all the parties agree to do so. Voluntary expedited jury trials have the same shorter time frame and smaller jury than the

mandatory cases do, but have one other important aspect—all parties must waive their rights to appeal. In order to help keep down the costs of litigation, there are no appeals following a *voluntary* expedited jury trial except in very limited circumstances. These are explained more fully in **(8)**.

**(3)   Will the case be in front of a judge?**

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney that the court appoints to act as a judge) will handle the trial.

**(4)   Does the jury have to reach a unanimous decision?**

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

**(5)   Is the decision of the jury binding on the parties?**

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties in an expedited jury trial, like in other kinds of trials, are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

**(6)   How else is an expedited jury trial different?**

The goal of the expedited jury trial process is to have shorter and less expensive trials.

- The cases that come within the mandatory expedited jury trial procedures are all limited civil actions, and they must proceed under the limited discovery and

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2013, Mandatory Form
Code of Civil Procedure, §§ 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1553

**Expedited Jury Trial Information Sheet**

**EJT-001-INFO**   Expedited Jury Trial Information Sheet

pretrial rules that apply to those actions. See Code of Civil Procedure sections 90–100.

- The voluntary expedited jury trial rules set up some special procedures that help those cases have shorter and less expensive trials. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties in either kind of expedited jury trial can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need the jury to decide. The parties can agree to modify many of the rules that apply to trials generally or to any pretrial aspect of the expedited jury trial.

**(7) Do I have to have an expedited jury trial if my case is for $25,000 or less?**

Not always. There are some exceptions.

- The mandatory expedited jury trial procedures do not apply to any unlawful detainer or eviction case.
- Any party may ask to opt out of the procedures if the case meets any of the criteria set out in Code of Civil Procedure section 630.20(b), all of which are also described in item 2 of the *Request to Opt Out of Mandatory Expedited Jury Trial* (form EJT-003). Any request to opt out must be made on that form, and it must be made within a certain time period, as set out in Cal. Rules of Court, rule 3.1546(c). Any opposition must be filed within 15 days after the request has been served.

*The remainder of this information sheet applies only to voluntary expedited jury trials.*

**(8) Who can take part in a voluntary expedited jury trial?**

The process can be used in any civil case that the parties agree may be tried in one or two days. To have a voluntary expedited jury trial, both sides must want one. Each side must agree to all the rules described in (1), and to waive most appeal rights. The agreements between the parties must be put into writing in a

document called *[Proposed] Consent Order for Voluntary Expedited Jury Trial*, which will be submitted to the court for approval. (Form EJT-020 may be used for this.) The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

**(9) Why do I give up most of my rights to an appeal in a voluntary expedited jury trial?**

To keep costs down and provide a faster end to the case, all parties who agree to take part in a voluntary expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

- Misconduct of the judicial officer that materially affected substantial rights of a party;
- Misconduct of the jury; or
- Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

**(10) Can I change my mind after agreeing to a voluntary expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in a voluntary expedited jury trial, that agreement is binding on both sides. It can be changed only if both sides want to change it or stop the process or if a court decides there are good reasons the voluntary expedited jury trial should not be used in the case. This is why it is important to talk to your attorney before agreeing to a voluntary expedited jury trial. This information sheet does not cover everything you may need to know about voluntary expedited jury trials. It only gives you an overview of the process and how it may affect your rights. You should discuss all the points covered here and any questions you have about expedited jury trials with an attorney before agreeing to a voluntary expedited jury trial.

**Expedited Jury Trial Information Sheet**

**EXHIBIT F**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO 400 McAllister Street San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: DEPARTMENT 610 |

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ Early Settlement Program of the Bar Association of San Francisco (BASF) - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ Mediation Services of BASF - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waiver of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ Private Mediation - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ Judicial Arbitration - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ Judicial Mediation - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ Other ADR process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____


Name of Party Stipulating _____        Name of Party Stipulating _____

Name of Party or Attorney Executing Stipulation        Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney        Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant        ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____        Dated: _____

☐ Additional signature(s) attached


ADR-2   03/15        STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

**EXHIBIT G**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RICHARD E. ROMINE, an Individual; STRIKER ENTITIES, LLC, a Wyoming limited liability company; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STEPHEN CHESS, LOIS CHESS, BRUCE CALLANDER, JEFF DRAWDY and SUSAN DRAWDY

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | **CASE NUMBER:** |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| | CGC - 18 - 567921 |

SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Chares Ward    (415) 421-6500
Shartsis Friese LLP
One Maritime Plaza, 18th Floor, San Francisco, CA 94111

| DATE: | | Clerk, by | NEYL WEBB | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | JUL 0 9 2018 | Clerk of the Court *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒ on behalf of *(specify):* Striker Entities, LLC, a Wyoming limited |
| | under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)    liability |
| | ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)    company |
| | ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person) |
| | ☒ other *(specify):* Corporation Code 17061 |
| | 4. ☐ by personal delivery on *(date):* |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT H**

CASE NUMBER: CGC-18-567921  STEPHEN CHESS ET AL VS. RICHARD E. ROMINE ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|       |                                      |
|-------|--------------------------------------|
| **DATE:**  | **DEC-12-2018**                 |
| **TIME:**  | **10:30AM**                     |
| **PLACE:** | **Department 610**              |
|       | **400 McAllister Street**            |
|       | **San Francisco, CA  94102-3680**    |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

**EXHIBIT I**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO :                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone,  by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a. ☐ This statement is submitted by party *(name)*:
    b. ☐ This statement is submitted jointly by parties *(names)*:

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a. The complaint was filed on *(date)*:
    b. ☐ The cross-complaint, if any, was filed on *(date)*:

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served *(specify names and explain why not)*:

        (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

        (3) ☐ have had a default entered against them *(specify names)*:

    c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4.  **Description of case**
    a.   Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a. ☐  The trial has been set for *(date):*
    b. ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a. ☐  days *(specify number):*
    b. ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.   Attorney:
    b.   Firm:
    c.   Address:
    d.   Telephone number:                                              f.   Fax number:
    e.   E-mail address:                                                  g.   Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.   ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

        (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

        (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b.   **Referral to judicial arbitration or civil action mediation** *(if available).*

        (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

        (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

        (3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 3 of 6

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
     ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: _____

_____          ▷ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▷ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**EXHIBIT J**



# MEDIATION SERVICES

THE BAR ASSOCIATION OF SAN FRANCISCO

FOR OUTSTANDING ADR SERVICES

Voted into the Recorder's Hall of Fame In "Best of Poll"

5 YEARS IN A ROW 2010 - 2014

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yuhas, Esq.*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq.*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

*Mark Abelson, Esq.*
*Campagnoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*

PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:

www.sfbar.org/mediation

adr@sfbar.org or
415-982-1600

Experienced mediators are available in the following areas:

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra Organizational
Labor
Landlord/Tenant
LGBT Issues
Malpractice Legal/Medical Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
And more.

## QUALITY

### WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

### WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

### HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

### HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## EXPERIENCE

### HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

### WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

### HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

### WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## TRUST

### OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

### WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

### WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

### MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

 

**Superior Court of California, County of San Francisco**

*Alternative Dispute Resolution*
*Program Information Package*

> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value.  On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.  BASF handles notification to all parties, conflict checks with the panelists, and full case management.  The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel.  Waivers are available to those who qualify.  For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference.  See Local Rule 5.0 for further instructions.  Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations.  The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation.  While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time.  Mediation time beyond that is charged at the mediator's hourly rate.  BASF pre-screens all mediators based upon strict educational and experience requirements.  Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection.  The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.  BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution.  The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**3) ARBITRATION**

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. TERI L. JACKSON
PRESIDING JUDGE

### Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach

The Honorable Stephen M. Murphy
The Honorable Joseph M. Quinn
The Honorable James Robertson, II
The Honorable John K. Stewart
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed due to the judge's availability, every effort will be made to fulfill the parties' choice for a particular judge. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

07/2017 (ja)

**EJT-001-INFO**   Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who will be taking part in an **expedited jury trial**—a trial that is shorter and has a smaller jury than a traditional jury trial.

---

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.29 and in rules 3.1545–3.1553 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *http://leginfo.legislature.ca.gov/faces/codes.xhtml*. The rules are at *www.courts.ca.gov/rules*.

---

**( 1 )**   **What is an expedited jury trial?**

An expedited jury trial is a short trial, generally lasting only one or two days. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- **The trial will be shorter.** Each side has 5 hours to pick a jury, put on all its witnesses, show the jury its evidence, and argue its case.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer challenges.

**( 2 )**   **What cases have expedited jury trials?**

- **Mandatory expedited jury trials.** All limited civil cases—cases where the demand for damages or the value of property at issue is $25,000 or less—come within the *mandatory expedited jury trial* procedures. These can be found in the Code of Civil Procedure, starting at section 630.20. Unless your case is an unlawful detainer (eviction) action, or meets one of the exceptions set out in the statute, it will be within the expedited jury trial procedures. These exceptions are explained more in **( 7 )** below.

  - **Voluntary expedited jury trials.** If your civil case is not a limited civil case, or even if it is, you can choose to take part in a *voluntary expedited jury trial*, if all the parties agree to do so. Voluntary expedited jury trials have the same shorter time frame and smaller jury that the

mandatory ones do, but have one other important aspect—all parties must waive their rights to appeal. In order to help keep down the costs of litigation, there are no appeals following a *voluntary* expedited jury trial except in very limited circumstances. These are explained more fully in **( 9 )**.

**( 3 )**   **Will the case be in front of a judge?**

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney that the court appoints to act as a judge) will handle the trial.

**( 4 )**   **Does the jury have to reach a unanimous decision?**

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

**( 5 )**   **Is the decision of the jury binding on the parties?**

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties in an expedited jury trial, like in other kinds of trials, are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

**( 6 )**   **How else is an expedited jury trial different?**

The goal of the expedited jury trial process is to have shorter and less expensive trials.

- The cases that come within the mandatory expedited jury trial procedures are all limited civil actions, and they must proceed under the limited discovery and

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Code of Civil Procedure, § 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1553
    **Expedited Jury Trial Information Sheet**     EJT-001-INFO, Page 1 of 2
⟹

**EJT-001-INFO**   Expedited Jury Trial Information Sheet

pretrial rules that apply to those actions. See Code of Civil Procedure sections 90–100.

- The voluntary expedited jury trial rules set up some special procedures to help those cases have shorter and less expensive trials. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties in either kind of expedited jury trial can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need the jury to decide. The parties can agree to modify many of the rules that apply to trials generally or to any pretrial aspect of the expedited jury trials.

**(7)   Do I have to have an expedited jury trial if my case is for $25,000 or less?**

Not always.  There are some exceptions.

- The mandatory expedited jury trial procedures do not apply to any unlawful detainer or eviction case.
- Any party may ask to opt out of the procedures if the case meets any of the criteria set out in Code of Civil Procedure section 630.20(b), all of which are also described in item 2 of the *Request to Opt Out of Mandatory Expedited Jury Trial* (form EJT-003). Any request to opt out must be made on that form, and it must be made within a certain time period, as set out in Cal. Rules of Court, rule 3.1546(c). Any opposition must be filed within 15 days after the request has been served.

---

*The remainder of this information sheet applies only to voluntary expedited jury trials.*

---

**(8)   Who can take part in a voluntary expedited jury trial?**

The process can be used in any civil case that the parties agree may be tried in one or two days. To have a voluntary expedited jury trial, both sides must want one. Each side must agree to all the rules described in ①, and to waive most appeal rights. The agreements between the parties must be put into writing in a

document called *[Proposed] Consent Order for Voluntary Expedited Jury Trial*, which will be submitted to the court for approval. (Form EJT-020 may be used for this.) The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

**(9)   Why do I give up most of my rights to an appeal in a voluntary expedited jury trial?**

To keep costs down and provide a faster end to the case, all parties who agree to take part in a voluntary expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

- Misconduct of the judicial officer that materially affected substantial rights of a party;
- Misconduct of the jury; or
- Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

**(10)   Can I change my mind after agreeing to a voluntary expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in a voluntary expedited jury trial, that agreement is binding on both sides. It can be changed only if both sides want to change it or stop the process or if a court decides there are good reasons the voluntary expedited jury trial should not be used in the case. This is why it is important to talk to your attorney before agreeing to a voluntary expedited jury trial. This information sheet does not cover everything you may need to know about voluntary expedited jury trials. It only gives you an overview of the process and how it may affect your rights. You should discuss all the points covered here and any questions you have about expedited jury trials with an attorney before agreeing to a voluntary expedited jury trial.

---

**EXHIBIT K**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Judicial Mediation** – The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ Other ADR process (describe) _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  03/15              **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**EXHIBIT L**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Robert Charles Ward (160824), Roey Z. Rahmil (273803)
Shartsis Friese LLP
One Maritime Plaza, 18th Floor
San Francisco, CA 94111
TELEPHONE NO.: (415) 421-6500    FAX NO. *(Optional):* (415) 421-2922
E-MAIL ADDRESS *(Optional):* rward@sflaw.com, rrahmil@sflaw.com
ATTORNEY FOR *(Name):* Plaintiffs

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**08/14/2018**
**Clerk of the Court**
BY:YOLANDA TABO-RAMII
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: Chess, et al.

DEFENDANT/RESPONDENT: Richard E. Romine, et al.

| PROOF OF SERVICE OF SUMMONS | CASE NUMBER:<br>CGC-18-567921 |
|---|---|
| | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
      Richard E. Romine

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   1313 Windsor Place, Shawnee, OK 74805

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* July 21, 2018    (2) at *(time):* 6:15 pm CDT
   b. ☐ by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkFlow.com

| PLAINTIFF/PETITIONER: Chess, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Richard E. Romine, et al. | CGC-18-567921 |

5.  c. ☐   by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):            (2) from (city):

    (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐   by other means (specify means of service and authorizing code section):

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of (specify):
  c. ☐ as occupant.
  d. ☐ On behalf of (specify):
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  Person who served papers
  a. Name: Jackson Kashwer
  b. Address: 2410 West Memorial Road, #C-113, Oklahoma, OK 73134
  c. Telephone number: (405) 600-9464
  d. The fee for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (I) ☐ owner ☐ employee ☐ independent contractor.
      (II) Registration No.:
      (III) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: August 15, 2018

Jackson Kashwer
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ (SIGNATURE)

**EXHIBIT M**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ROBERT CHARLES WARD \| SBN: 160824<br>SHARTSIS FRIESE LLP<br>ONE MARITIME PLAZA, SUITE 1800<br>SAN FRANCISCO, CA 94111<br>TELEPHONE NO.: (415) 421-6500 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiffs: | **ELECTRONICALLY**<br>**FILED**<br>Superior Court of California,<br>County of San Francisco<br>**08/13/2018**<br>Clerk of the Court<br>BY:YOLANDA TABO-RAMI<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

STREET ADDRESS: 400 MCALLISTER STREET

MAILING ADDRESS:

CITY AND ZIP CODE: SAN FRANCISCO, CA 94102

BRANCH NAME:

| PLAINTIFF/PETITIONER: STEPHEN CHESS, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RICHARD E. ROMINE, ETC., ET AL. | CGC-18-567921 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>8141-5,9814-1,9721-1 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ Summons
   b. ☒ Complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☒ other *(specify documents)*: NOTICE TO PLAINTIFF; JUDICIAL MEDIATION PROGRAM; EXPEDITED JURY TRIAL
      INFORMATION SHEET; (BLANK) CASE MANAGEMENT STATEMENT

3. a. Party served *(specify name of party as shown on documents served)*:
      STRIKER ENTITIES, LLC, A WYOMING LIMITED LIABILITY COMPANY

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      INCORP SERVICES, INC., REGISTERED AGENT, BY SERVING GERRECK VASSAR - PROCESS SPECIALIST

4. Address where the party was served: 1910 THOMAS AVENUE
   CHEYENNE, WY 82001

5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 07/27/2018   (2) at *(time)*: 01:30 pm

   b. ☐ by substituted service. On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:   from *(city)*:   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br>POS010-1/3446626 |
|---|---|---|

| PETITIONER: STEPHEN CHESS, ET AL. | CASE NUMBER: |
|---|---|
| RESPONDENT: RICHARD E. ROMINE, ETC., ET AL. | CGC-18-567921 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

    (1) on *(date):*    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* **STRIKER ENTITIES, LLC, A WYOMING LIMITED LIABILITY COMPANY**
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)    ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)
                    ☒ other: **CORPORATION CODE 17061**

7. Person who served papers
  a. Name: GREGORY GOODWINE C/O Nationwide Legal, LLC (12-234648)
  b. Address: 859 Harrison St., STE A  San Francisco, CA 94107
  c. Telephone number: (415) 351-0400
  d. The fee for service was:
  e. I am:

    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner    ☐ employee    ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 08/07/2018

Nationwide Legal, LLC (12-234648)
859 Harrison St., STE A
San Francisco, CA 94107
(415) 351-0400
www.nationwideasap.com

GREGORY GOODWINE
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    (SIGNATURE)